May Term,
1852.

EDGERTON, Administrator of LOTZ *v.* COMSTOCK.

EDGERTON
v.
COMSTOCK.

Bill by the administrator of *L.* against *C.* to restrain the collection of a judgment at law and for a decree for a new trial of the issues. The bill alleged that the suit at law was assumpsit for work and labor, commenced by *C.* against *L.* in his lifetime, and that *C.* obtained judgment, &c.; that at the trial the Court improperly refused to admit certain evidence offered by *L.* to prove the value of the work; that *C.* was permitted to give evidence which ought to have been rejected; that the jury disregarded certain evidence of payment offered by *L.* and rendered judgment for *C.* though nothing was due him; and that the Court refused a new trial. It was also alleged that bills of exception were taken to all these proceedings, and upon an appeal to the Supreme Court, the judgment was affirmed. *Held,* that a demurrer to the bill was correctly sustained.

ERROR to the *Allen* Circuit Court.

*Monday,
May 31.*

SMITH, J.—This was a bill in chancery praying for an injunction to restrain the collection of a judgment at law, and for a decree to order a new trial of the issues joined by the parties.

The bill alleges that the suit at law was an action of assumpsit for work and labor, commenced by *Comstock* against *Lotz* in his lifetime, and that the former obtained a judgment for 600 dollars.

It is charged that on the trial the Court improperly refused to permit certain evidence offered by *Lotz* to prove the value of the work sued for, to be given to the jury for that purpose; that *Comstock* was permitted to give evidence which should have been rejected; that the jury disregarded certain evidence of payment offered by *Lotz*, and rendered the judgment in favor of *Comstock*, though nothing was due him; and that the Court refused a new trial.

It is also alleged that bills of exception were taken to all these proceedings, and an appeal granted to this Court, where the judgment was affirmed.

A demurrer to the bill was correctly sustained. No grounds whatever are shown for relief in equity.

*Per Curiam.*—The decree is affirmed with costs.

*H. Cooper*, for the plaintiffs.

*D. H. Coleriek*, for the defendant.